May it please the Court, Kyle Todd on behalf of Appellant Yu-Ling Teng, I'd like to reserve three minutes for rebuttal. The language of 8 CFR 34.16 cannot reasonably be read to be so narrow as to prevent federal jurisdiction in this case. Well, I have not understood in this case or the previous one why counsel are arguing about the regulation in CFR, because it is well established and it would be obvious law if it wasn't well established, that a regulation of an agency cannot create or destroy jurisdiction in a federal court. Congress gives federal courts jurisdiction. Is there some reason that I'm missing here? The reason I think the case It seems to me we ought to be talking about statutes. Well, the reason we focus so much on it is all the cases focus on it, I think. And so all the cases either assume jurisdiction or they find that there is jurisdiction because this regulation interprets. So maybe mistakenly, though, on the second half. There's an argument on both sides. Here the regulation doesn't go against or further the jurisdiction of the INA. Rather, it interprets how naturalization certificates can be amended. The real grant of authority is the grant of the naturalization certificate. This is a regulation that decides how that can be amended. Okay. So just run us back through. Your client received the certificate from the agency, not the court. Is that correct? That's correct. This was post-Immigration Act of 1990. So it was issued by INS at the time. By INS at the time. That's right. So she has an agency-issued certificate with the date that's now discrepant, the 1939-1944. Exactly. But where in the statute is there anything that would give a court the authority to go back in and amend an agency certificate? Well, the statute itself transfers everything over to the agency. But it doesn't allow an actual means to amend those newly granted authority to the INS. So there was a previous regulation. It gives the attorney general the power to correct errors. Exactly. It used to give the court the power to correct errors. Right. And the attorney general then delegated it to INS, which is now USCIS. And so the attorney general has chosen not to correct this error. Exactly. The regulation just says we won't correct errors of that sort just on a blanket basis, correct? 338.5, a different one, which in the best world would have not had that final subsection that said if it's the petitioner's fault, basically, or if it's not a clear case of government error, we're not going to give jurisdiction to amend. But obviously that left a gap, right, in agency-issued certificates. So the law now is the AG will only correct their own mistakes. It won't allow correction if it was anybody else's mistake. Exactly. But at the same time, someone who got a court-issued certificate can use 334.6. We're arguing that the gap created by 338.5 and 334.6 is illogical. There's no reason to read it to exclude people like Ms. Tang who have agency-issued certificates. It's definitely illogical, but I don't see where the court has any authority. I mean, even though we've said that the court retains the authority to revoke or only the court can revoke a certificate, even that has to be at the motion of a U.S. attorney under certain limited circumstances. There doesn't seem to be any role for a court to play here under the current statute. And that's definitely how some cases have gone. I think we're here because so many cases have gone both ways. Sure. And the publicist's decision, Hussein, in the District Court of Minnesota, finding so clearly that they wanted to fill that role here for agency-issued certificates. What I'm having trouble, whether it's with that logic of the court or the argument here, is you just heard the argument in the other case about, you know, how what authority the court would have to retain modification authority over its own order. Right. But you're, like, one step removed because you have an agency order. And I was having trouble, unless I'm missing something, finding a statute that would give the court authority to come in here. I can read the regulations, but they're not jurisdiction-granting, so we're not really in a position where the regulation is being challenged. Right. And so the jurisdiction comes from the INA, which now delegates the authority to give naturalization certificates to the Attorney General who delegated it to INS and now USCIS. But the jurisdiction itself is from an interpretation of that statute that doesn't contradict it, but instead interprets how they're going to be amended. And our argument is that they're amended in the same way with the court because the INS and now USCIS has specifically said we don't want to touch certificates that are our fault. Well, let me ask you this. The regulations that we're talking about here were enacted pursuant to what statute? The pursuant to the Immigration Act 1451 granting authority to INS to issue certificates. Right. So they – these regulations were not enacted with respect to certificates that were court-issued prior, correct? That's correct. And so we have a – And so, I mean, it seemed to me that the challenge to this would be more in the nature of a regulatory challenge, which may, of course, be too late at this point in terms of the intersection of the then INS regulations and the gap and what was meant to be or not to be, but that there's not a jurisdiction to challenge those in the Federal court. And there's definitely a reading of it that could be, and that is why so many cases have found that. I am missing something here. I'm just missing it. Maybe you can educate me on this. It used to be that the district courts naturalized citizens. We had ceremonies. The district judge would, at the end of the ceremony, sign an order granting the naturalizations. As a result of the district judge's signed order, people would be naturalized, and then errors could be corrected. And the whole Rule 60 error correction mechanism applied under Section 1451I of the statute. And then Congress changed the whole deal, and they said the naturalizations are to be done by the Attorney General, not by the district court. Some district courts continued to do kind of ceremonial naturalizations, but they weren't the real thing. And then for the error correction, the section that used to give the district courts the ability to correct errors without concern for whose errors they were said the Attorney General now has the power to correct errors. Then the Attorney General issued a reg saying, I'm only going to correct my own errors. I'm not going to correct errors from other people. Now, that seems really unfair to me because between the foreign accents and the non-English speaking and the fact that in a lot of cultures people know their ancestry but not their date of birth, it seems unfair. But unfair doesn't mean illegal. And it seems like for Congress that's all she wrote, and for the Attorney General that's all she wrote. And I just can't figure out where we get the power to do anything about it because it looks like it's a regulatory and a discretionary decision by the AG not to correct errors that were innocently made by the applicant. And from our position, we don't want to read the regulation so narrowly as to cut out an entire group of people that, like you said, it would just be unfair. So we have two ways of reading it. How do I read it more liberally? I mean, the words are right there. Let me get them in front of me, and I'm sure you have them in front of you. Yeah. They repeatedly say the words by the court or within the court or return it to the court. And so those words, of course, are going to be there because at the time they were written, there was nothing besides court-issued naturalization certificates. So there's no way that it would say by the court or an agency. And so now after it's been transferred to an agency, we have the choice to say, look, that was the only way it could have been written because courts were the only thing for 85 years that issued naturalization certificates. We don't want an unfair and illogical result of strictly applying that now where only the agency issues naturalization certificates. What do I do about this provision in the regs that says the correction will not be deemed to be justified where the naturalized person later alleges that the date of birth which the applicant stated to be his or her correct date of birth at the time of naturalization was not, in fact, his or her date of birth at the time of naturalization? And you're pointing to 338.5, right? That's right. E. Right, the D, right? No, E. E. Yeah, the last part of that section. Data change. E as in Edward. That's what leaves my client out in the poll, right, because otherwise she should go to the agency. Yeah, it sure does, and that's what I'm trying to figure out. Why can't the attorney general do that? You mean why can't they amend their regulation and make it? So that she says, boy, if that's the date you gave us at the time you got naturalized, we don't care if it was innocently wrong. Tough. That's exactly what immigration lawyers have been talking to USCIS about. There have been published conversations and agency memos about this, but they just haven't changed it. Has anybody challenged the regulation and this gap under arbitrary and capricious and done a head-on challenge that way with respect to an individual case where it's been denied? That would probably be the way that lawyers might do it if there weren't case law supporting amending it under 334.16. Obviously, there's an issue with jurisdiction, but because so many cases either go around that, assume it, or find in favor of jurisdiction, I think lawyers don't want to just rely on arbitrary and capricious argument. I know. I mean, I'm not saying whether it would be successful or not, but the whole argument that we're having here is why it might be unfair when you fit these together and it might leave some people out in the cold. But if a court doesn't have jurisdiction just to go in and correct an individual's certificate, it seems to me that somehow this is really an administrative challenge to the agency action as opposed to trying to get jurisdiction in the federal court, assuming there is no jurisdiction. If there is, you know, then you've solved your issue. But we're still trying to struggle with, well, where would that jurisdiction come from? And if there is no jurisdiction, or it would seem to me attorneys should have been bringing dual challenges to this situation. So if there is no jurisdiction, is there any other resolution for your client? If there's no jurisdiction, I don't see a resolution. She has gone so long without being able to get a driver's license, and what really makes it such a burden for her and such an arbitrary and unjust result is that the REAL-ID Act tells states we can't issue. We know that. We know that. We've got a real problem here. I'm thinking the immigration lawyers need to get Congress to make a technical amendment here. I mean, that would be great. What's the relevant provision in the REAL-ID Act that you're relying on? The REAL-ID Act. In your briefing, you just generally mentioned the REAL-ID Act. But don't cite a particular provision. Yeah. So this is 37.13 of 6 CFR, and that's the regulation interpreting the act to say in the event of a nonmatch of an SSA with the identity document, no ID should be given. Now, DMVs can issue procedures to deal with nonmatches, but that hasn't happened. And then it intersects with 37.11, which specifically lists the type of identity documents that you can use. So that's why Ms. Tang wouldn't be able to use anything besides her only American. Are there other documents that can be used? Now, to establish identity, you can use a passport. Her passport's based on her nationalization certificate, which was based on her green card. No way around that for her. You can use a certified birth certificate from the state of birth. It's not a foreign birth certificate. So for someone who's born abroad, it's only their immigration documents. We heard in the other case that sometimes Social Security resolves these issues. Does she have a route through getting the Social Security Administration to change her birth date than she would match? Well, the thing is that the Social Security Administration made a determination that they wanted to change her date of birth. So they believe her. They say your new documents show that you were actually born five years later than you had thought. But now that they've made that determination, they're not going to go back on it. There's no going back. In other words, she's gone both ways on her date. Yeah, exactly. All right, thank you. Okay, thank you. Good morning, Your Honor. Assistant United States Attorney Robert Lester for the government. The court has identified the dispositive issue in this case. There's no jurisdiction for the court to amend an administratively issued. Your argument is tight. But it results in just a lot of arbitrary unfairness in terms of people's driver's licenses, Social Security, whatever. Is there any solution to this other than a congressional amendment? I haven't really thought of any, but, Your Honor, the plaintiff did get into this problem on her own. Well, people do get into it on their own in all sorts of ways. In some places, when you ask somebody their date of birth, they'll just say before or after some important event, and sometimes it'll be kind of family lore made up. What they do know is who their great-great-great-great-grandfather was and who their distant cousins are. And in the United States, we all know our date of birth. In a revolution, records get lost anyway and stories get mixed up. I think this lady was Chinese, so the transfer to Taiwan would have been a problem for some and staying in the mainland for others in terms of maintaining records and accuracy. Is there any kind of solution through the agency? I don't know if there's a solution, but I do want to point out to you. I mean, for date of birth, when you come right down to it, none of us have direct knowledge. That's why dates of birth are a hearsay exception. It's not like you're lying about it. But this is not quite the case of a person who innocently had no idea what her birthday was and came to America and then ultimately found out from, like the previous case, the family Bible or whatever. The evidence in the record that I submitted is that her sister, her sister-in-law, said it was 1944, that her green card said it was 1944, so she's known for decades that the birth date said 1944. And, in fact, in her own immigration papers, she wrote that she and her sister and her sister-in-law each explained that the purported 1939 date of her birth was used in order to get her into school earlier. So this is not somebody who... So we're blaming her for her fault when she was four years old or something? It has nothing to do with when she was four years old, but it's her... Getting to school earlier. Well, she got her passport at age 26, right, approximately? Well, she was certainly an adult, yes. When she got her passport. Yes. And that's when she lists her date on her Taiwanese passport that she used to come to the U.S. as... 1944. No, I thought it was 1939. 1944 comes later when she gets her naturalization. I believe her green card says 1944. That's her green card, not her Taiwanese passport. Well, I mean, it illustrates the problem here, that the date sort of goes back and forth between what she wanted and what she wants. So according to my notes, when she entered the U.S. with a Taiwanese passport in 1965, she said her date of birth was August 9th, 1939, and her Social Security card recorded the same birth date. And it wasn't until she was naturalized in 2001 that she put the certificate of naturalization list August 9th, 1944 as her birth date. Well, I have it in the brief, my understanding of the time frame. It's on page 3 of my brief. But the absence of jurisdiction really, I think, ends the matter. The statute went from, as Your Honors have pointed out, the statute went from 1451I under the old statute, clearly giving judges the authority both to naturalize and to mend certificates, until after 1990, starting in 1991 when the statute took effect, that it's an administrative naturalization done by INS, now USCIS, and 1451I, the provision that had given courts authority, is gone. 1451H now, which is the new provision, only talks about the attorney general having authority. But what's the rationale for 338.5E and not allowing corrections for innocent mistakes? There's nothing that I've seen reflected in the regulations, but I think the concern is that one is there's never going to be administrative finality if people can keep coming back and making changes to their name or to their date of birth long after the fact. Your Honor is obviously familiar with judicial finality, where we don't typically allow parties to come back to the court and reopen cases. But we do, though, under 60B6. There is value to finality, and there's also value to accuracy. I mean, the value of administrative finality, those are grand words, which basically means save us work, don't bother us anymore. And that's all it means. In some cases, finality has a grander social purpose, as with criminal convictions. You'd like people to spend their time in prison deciding not to do it again instead of filing endless habeas petitions. But here, I don't see the value. Well, there's another value, and that is that it cuts off the obvious temptation of some people to play the system. Sure. You'd like to get your Social Security earlier. Yeah. For example, that's the most prominent example of saying one thing in their application for a naturalization and then coming back later and saying, wait a minute. But suppose you don't. She wants to be younger, not older. She told us to be older. She wants to be older. She wants the 1939 date. But I don't think it matters to her Social Security. Well, it doesn't matter now, because for her Social Security, she wanted to be younger when she applied for her naturalization, 44. She filed this application for this petition to amend her certificate 11 years ago. Wasn't this something where she really always thought she was born at one time, and then her aunt said she was born another time or something like that? Something about the Chinese Revolution? Right. So this perfectly illustrates why the agency has a reason for saying let's not continue to have people come in here and say, well, I thought it was this, but maybe it was that. What's the reason? It's just another file. You look at the file and you go one way or the other. It's not just another file, Your Honor, really. The agency is flooded with applications for asylum, for green cards, for naturalization, and at some point the agency doesn't want to issue an open invitation for people to conjure up new dates based on their convenience, based on wanting to tell a new story. But, you know, this was before the REAL ID Act that you have this regulation. And so you have a draconian effect here post REAL ID that you wouldn't have had before. And when you say conjure up for their own convenience, you're implying bad equities. But sometimes they're not bad equities. Sometimes they're good equities. If there's no jurisdiction, I don't see where the equities really fit in. Well, you can have good equities and no jurisdiction, so unfortunately the correction's not made. Do you know now when people apply for naturalization, do they get a warning that basically is the equivalent of the REAL ID Act, that if there's this discrepancy, it can't be changed, you might not get a driver's license, you might not get any state identification? Do you know if that happens now? I realize that would post-date Ms. Ting. I don't know. I do think that they sign their documents under penalty of perjury. Well, of course. I'm not sure that the agency is obligated to list all of them. I'm just asking whether it happens. I'm not giving a legal view on that. I'm just asking whether it happens. Sure. I don't know that that exists. I don't suspect so. But they do sign under penalty of perjury. That doesn't matter here, though, because there's no suggestion that she was trying to commit any fraud and knowingly gave a false state. I simply was trying to point out that they're told that they have to take this document very seriously. They're not given a list of all the possible implications that could happen if they go one way with the facts or another way with the facts. Okay. If there's no further questions, we'll hear from her counsel. We'll put a minute back on for rebuttal, please. Thank you. Thank you. Just to address a couple of those points, I think we've talked a lot about jurisdiction. With respect to whether she fraudulently put a different date of birth, here it was pointed out, I think, really importantly, that she made herself younger. So she wasn't scheming Social Security benefits. And, in fact, there's a place, if we get back in the court, to make that argument. So we have to prove that she can show that there's sufficient basis for this date of birth. If she can't show that, if she shows that it was procured by fraud, she can't amend her naturalization certificate. So the argument here doesn't really have a place about her switching back and forth because that has a place, again, in the district court. So here, obviously, it is about jurisdiction, but it's also about the draconian result in the intersection of this gap in this statute and the regulation with the Real ID Act. And for that reason, a class of people like Ms. Tang shouldn't be left out, not being able to drive, not being able to get medical benefits. And this is a slippery slope because she filed her petition to amend naturalization certificate in 2009. This regulation was actually totally done with in 2011. And so there's no one else who can do what she's doing anymore. This is a 6-year-old case. She's probably one of the last ones you'll ever hear about doing this. And so for that reason, we just ask that you find in favor of Ms. Tang. Thank you. I thank both counsel for your arguments. Interesting, and as you point out, jurisdiction question on which courts have taken different views. So we appreciate the argument of both counsel this morning. The case of Tang v. District Director is submitted.
judges: Kleinfeld, McKeown, Ikuta